BERNARD S. GREENFIELD (SBN 66017)
JUSTIN S. DRAA (SBN 253688)
GREENFIELD DRAA & HARRINGTON LLP
55 South Market Street, Suite 1500
San Jose, California 95113
Telephone: (408) 995-5600
Facsimile: (408) 995-0308
Email: bgreenfield@greenfieldlaw.com
      jdraa@greenfieldlaw.com

Attorneys for Plaintiff/Creditor
FRANK DEL CARLO

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>GREGORY A. DEL CARLO and TRACY L. DEL CARLO,<br><br>        Debtors.<br>_____<br>FRANK DEL CARLO and LOUIS DEL CARLO,<br><br>        Plaintiffs,<br>vs.<br><br>GREGORY A. DEL CARLO and TRACY L. DEL CARLO,<br><br>        Defendants. | Case No. 16-52268-MEH<br><br>Chapter 13<br><br><br><br><br>Adversary Proceeding No. 16-05084<br><br>**OPPOSITION OF PLAINTIFF FRANK DEL CARLO TO DEFENDANTS' MOTION TO DISMISS**<br><br>Date: February 27, 2017<br>Time: 11:00 a.m.<br>Courtroom: 3020<br>Judge: Hon. M. Elaine Hammond |

**INTRODUCTION**

Debtors' Motion to Dismiss is premised upon the legally unsupportable contention that Creditor[1] Frank Del Carlo's Adversary Complaint for Nondischargeability (the "Complaint") fails to state a claim. It argues:

---
[1] Creditor/Plaintiff Frank Del Carlo's Co-Plaintiff in this action is his separately represented father, Creditor/Plaintiff Louis Del Carlo.

Page 1
OPPOSITION OF PLAINTIFF FRANK DEL CARLO TO DEFENDANTS' MOTION TO DISMISS

1. The 523(a)(2)(A) claim against both Debtors should be dismissed because the requisite elements of fraud were not adequately pleaded; and

2. The 523(a)(6) claim against Tracy Del Carlo ("Tracy") should be dismissed because the State Court Judgment did not include the requisite factual findings to establish "willful and malicious" injury, as to Tracy.

As to both counts, however, the Complaint's allegations are more than sufficient to withstand a motion to dismiss. The Complaint sets forth detailed and well stated facts, supported by reference to exhibits, which, accepted as true, plainly support valid claims for nondischargeability against *both* Debtors based on intentional and fraudulent conduct. Debtors have more than enough information from the Complaint on which to base a specific denial and answer.

The Motion to Dismiss should be denied in full, and Debtors ordered to file an answer to the Complaint so this case can move swiftly towards conclusion by trial or summary adjudication. If the Court is inclined to grant the Motion to Dismiss, however, Creditor respectfully requests leave to amend any perceived pleading defect(s).

## STANDARD OF REVIEW

In reviewing a motion to dismiss under Rule 12(b)(6), made applicable to bankruptcy proceedings by Rule 7012, Fed.R.Bankr.P., the Court must accept all well-pleaded facts as true and construe them in the light most favorable to the non-moving party. Under the standard enunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), the plaintiff's claim must be "plausible" on its face in order to survive a motion to dismiss.[2] In evaluating a motion to dismiss under this standard, the Court must "'determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal

---

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 570, 127 S.Ct. at 1974 (stating that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face" requiring under this standard that plaintiffs "nudge[ ] their claims across the line from conceivable to plausible[.]").

theory proposed.'" (*Lane v. Simon*, 495 F.3d at 1186 (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).)

Thus, '[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (*Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting *Twombly*, 127 S.Ct. At 1965).)

## BRIEF STATEMENT OF FACTS

The events giving rise to this Adversary Proceeding are that Debtors Gregory A. Del Carlo and Tracy L. Del Carlo's (collectively, the "Debtors") perpetrated a fraudulent scheme to trick Greg's elderly father Louis Del Carlo ("Louis") into signing a Gift Deed which transferred a 25% interest in the real property commonly known as 4930 North Lake Boulevard, Carnelian Bay, Placer County, California ("Property") to Debtors (the "Gift Deed"). Once Debtors' scheme was exposed, Louis assigned his claims against Debtors to Louis' other son, Frank Del Carlo ("Creditor").

A State Court Action ensued nearly two years ago in which Creditor sought to (i) cancel the Gift Deed and recover the fraudulently appropriated real property interest, and (ii) assert a claim for Financial Elder Abuse against both Debtors. On May 5, 2016, the parties completed a two week bench trial of these and other claims in Santa Clara County Superior Court before the Honorable Patricia Lucas.

Ultimately, Judge Lucas issued judgment in favor of Creditor and against both Debtors for, among other things, financial elder abuse.

## LEGAL ARGUMENT AND DISCUSSION

Notably, Rule 12(b)(6) motions to dismiss are viewed with "disfavor" because of the lesser role pleadings play in federal practice and the liberal policy permitting amendment: "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." (*Gilligan v. Jamco Develop. Corp.*, 108 F .3 d 246, 249 (9th Cir. 1997).) A Rule 12(b)(6) dismissal is proper only in "extraordinary" cases. (*United States v. Redwood City*, 640 F.2d 963, 966. (9th Cir. 1981).)

Complaints must be construed in the light most favorable to plaintiff. (*Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).) "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (*Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).)

In reviewing a Rule 12(b)(6) motion to dismiss, the court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. (*Parento v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).) The sole issue raised by a Rule 12(b)(6) motion is whether the facts pleaded would, if established, support a valid claim for relief.

### A. Creditor's first claim for relief under § 523(a)(2)(A) is adequately pleaded.

A debt for money, property or services is non-dischargeable under 11 U.S.C. § 523(a)(2)(A) "to the extent obtained by false pretenses, a false representation or actual fraud." (11 U.S.C. § 523(a)(2)(A).) "Debt" is defined by the Bankruptcy Code as a "liability on a claim." (11 U.S.C. § 101(12).) "Claim" is simply defined as "a right to payment, whether or not such right is reduced to judgment." (11 U.S.C. § 101(5)(A).) Finally, a "'right to payment' . . . 'is nothing more nor less than an enforceable obligation.'" (*Cohen v. de la Cruz*, 523 U.S. 213, 218, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998) (internal citations omitted).)

The Judgment entered in the State Court Action (Exh. "C" to the Complaint) awarded Creditor, among other things, more than $1,125,000 in damages. Because the Judgment awarding Creditor damages represents an enforceable right to payment, it constitutes a debt within the meaning of the Bankruptcy Code.

The Complaint attaches and incorporates by reference the state court's Tentative Decision (Exh. "A" to the Complaint), Amended Statement of Decision (Exh. "D" to the Complaint), and Judgment. In ruling on a motion to dismiss, the court may consider

documents attached to the complaint. (*Durning v First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).) These documents collectively recite *incredibly* detailed facts supporting Judge Lucas' finding that the Debtors acted with oppression, fraud, or malice. The Complaint in this adversary proceeding alleges all necessary elements to state a cause of action under 11 U.S.C. § 523(a)(2)(A).

The Complaint then sums up and supports these allegations and detailed factual findings[3] as follows:

> Paragraph 19: Debtors obtained, retained and have misappropriated property valued at $1,125,000. This property was obtained as hereinabove alleged through false pretenses, false representations and/or actual fraud.
>
> Paragraph 20: At the time Debtors' statements, representations, and conduct took place, as well as at all times subsequent thereto, Debtors intended to deceive Plaintiffs and to induce Plaintiffs' reliance on said representations, promises and conduct, and Plaintiffs reasonably and justifiably relied thereon.

If established, there can be no question that the facts and claims alleged in the Complaint (including the incorporated factual details in the attachments) support a valid claim for relief. Accordingly, the Motion to Dismiss Creditor's claim for relief under § 523(a)(2)(A) should be denied.

**B.   The second claim for relief under § 523(a)(6) is adequately pleaded.**

**1.   The scienter requirement is adequately alleged.**

This aspect of the Motion to Dismiss appears to seek dismissal only as to Debtor Tracy Del Carlo, and not her husband, Debtor Greg Del Carlo. Nonetheless, the Motion should be denied as the Complaint adequately states a claim for nondischargeability against Tracy Del Carlo for "willful and malicious injury" under § 523(a)(6).

---

[3] The body of the Complaint itself contains factual allegations in addition to those contained in the incorporated attachments. In ruling on a motion to dismiss, the court may consider documents attached to the complaint. (*Durning v First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).)

Debtors' Motion to Dismiss asserts the Amended Statement of Decision is too vague with regard to a factual finding as to Debtor Tracy Del Carlo's subjective state of mind (*i.e.*, scienter), and that, as a result, the Complaint fails to state a cause of action. Debtors' argument falls short.

The Superior Court of Santa Clara County issued an Amended Statement of Decision After Court Trial, which was incorporated by the Judgment, concluding the following:

> In pressuring Louis, an elder, to sign the Gift Deed to obtain the money that he had been promised to him, when the transaction all along had been a sale and not a gift, ***they acted in bad faith and their conduct constitutes financial elder abuse***.

(Amended Statement of Decision, page 25, lines 21-24, emphasis added.)

The Amended Statement of Decision, in citing its tentative decision, stated:

> …the court found "that **Greg and Tracy acted with oppression, fraud or malice within the meaning of Civil Code section 3294**, and that Frank is entitled to recover punitive damages from **Greg and Tracy** in an amount to be determined in a second phase of the bifurcated trial.

(Amended Statement of Decision, page 26, lines 21-24, emphasis added.)

Civil Code § 3294(a) states:

> In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

Although the Court made this finding and conducted a punitive damage trial phase, it ultimately opted not to impose exemplary or punitive damages determining that the statutory penalties were adequate, particularly given the Defendants' dubious financial condition. Nonetheless, the findings of oppression, fraud, or malice were made on a "clear and convincing evidence" standard, and judgment was entered against Greg and Tracy for financial elder abuse. (Amended Statement of Decision, page 27, lines 5-6.)

### 2. The State Court's specific finding of financial elder abuse necessarily includes willful and malicious conduct sufficient to satisfy 11 U.S.C. § 523(a)(6).

Civil Code § 3294(c)(1)(2) & (3) provides:

(c) As used in this section, the following definitions shall apply:

(1) "Malice" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a ***willful and conscious*** disregard of the rights or safety of others.

(2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in ***conscious disregard*** of that person's rights.

(3) "Fraud" means an ***intentional*** misrepresentation, deceit, or concealment of a material fact known to the defendant with the ***intention*** on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

(Emphasis added.)

The Amended Statement of Decision also quotes the California Welfare and Institutions code § 15610.30, which provides:

(a) "Financial abuse" of an elder or dependent adult occurs when a person or entity does any of the following:

(1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a ***wrongful use or with intent to defraud, or both***.

(2) Assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult ***for a wrongful use or with intent to defraud, or both.***

(3) Takes, secretes, appropriates, obtains, or retains, or assists in taking, secreting, appropriating, obtaining, or retaining, real or personal property of an elder or dependent adult by ***undue influence***, as defined in Section 1575 of the Civil Code.

(b) A person or entity shall be deemed to have taken, secreted, appropriated, obtained, or retained property for a wrongful use if, among other things, the person or entity takes, secretes, appropriates, obtains, or retains the property and the person or entity **knew or should have known that this conduct is likely to be harmful to the elder or dependent adult**.

(Emphasis added.)

Having specifically been found liable for Financial Elder Abuse under these statutes, it necessarily follows that Tracy and Greg Del Carlo's conduct was willful and malicious – as the Complaint alleges with great particularity.

### 3. The State Court findings of willful and malicious conduct applies to *both* Debtors.

The Amended Statement of decision determined:

> In pressuring Louis, an elder, to sign the Gift Deed to obtain the money that he had been promised to him, when the transaction all along had been a sale and not a gift, **_they acted in bad faith and _their_ conduct constitutes financial elder abuse_**.

(Amended Statement of Decision, page 25, lines 19-24, emphasis added.)

This judicial finding was not specific to Greg; it explicitly refers to "they" (*i.e.*, Greg *and* Tracy Del Carlo). Indeed, the Amended Statement of Decision provides, "Judgment should be entered in favor of Frank and against Greg **and Tracy** on the third cause of action for financial elder abuse . . .." (Amended Statement of Decision, page 27, lines 5-6, emphasis added.)

Again, the Complaint alleges all the necessary elements to state a cause of action under 11 U.S.C. § 523(a)(6) against both Debtors. The Complaint then sums up and supports these allegations and detailed factual findings:

> Paragraph 24: Debtors' despicable financial elder abuse as alleged herein, and as confirmed in the Tentative Decision, Amended Statement of Decision, and Judgment in the Action, constituted willful and malicious injury to Louis, who assigned his claims against the Debtors to Frank.
>
> Paragraph 25: Debtors' wrongful acts and financial elder abuse were done with subjective motive to inflict injury or with the understanding that injury was substantially certain to occur as a result of their conduct. Debtors' wrongful acts were done intentionally and committed without just cause or excuse.

There can be no question that the facts and claims alleged in the Complaint, accepted as true, support a valid claim for relief. Accordingly, the Motion to Dismiss Creditor's claim for relief under § 523(a)(6) should be denied.

C. **The Complaint is pleaded with sufficient particularity that the Debtors can prepare an adequate Answer from the allegations.**

The substantive elements of fraud are determined under state law, but the allegations supporting those elements must comply with the federal "particularity" requirement for averments of fraud or mistake. (*Moore v. Brewster* (9th Cir. 1996) 96 F.3d 1240, 1245-1246; Federal Rule of Civil Procedure 9(b).) The objective is simply to give the Defendant *notice* of the misconduct giving rise to the claim(s). "The particularity requirement is satisfied if the pleading 'identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations.' [*Moore v. Kayport Package Express, Inc.* (9th Cir.1989) 885 F.2d 531, 540; see *Bankers Trust Co. v. Old Republic Ins. Co.* (7th Cir. 1992) 959 F.2d 677, 683-84]." (2 Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial (The Rutter Group 2006) § 8:39, p. 8-15.) Malice, intent, knowledge and other conditions of mind may be averred generally. (Fed. R. Civ. Pro. 9(b).) The Complaint provides Debtors' with sufficient notice of the "particular misconduct which is alleged to constitute the fraud" in order to defend against the specific charge and not just generally make a denial. (*Id.*, quoting *Semegen v. Weidner* (9th Cir. 1985) 780 F.2d 727, 731.)

The basic elements of fraud are (1) false representation, concealment or nondisclosure; (2) knowledge of falsity, or scienter; (3) intent to defraud, *i.e.*, to induce reliance; (4) justifiable reliance; and (5) resulting damage. (*Agosta v. Astor* (2004) 120 Cal.App.4th 596, 603.) All elements are clearly alleged in the Complaint.

Defendants have more than adequate information on which to base a specific denial, and the motion to dismiss should be denied.

## CONCLUSION

The Complaint's allegations are sufficient to overcome this Motion to Dismiss. The sole issue raised by Debtors' Rule 12(b)(6) motion is whether the facts pleaded would, if established, support a valid claim for relief. Based on the foregoing, this minimal pleading standard has been met and surpassed.

The Motion to Dismiss should be denied in its entirety. If this Court is inclined to grant the motion, however, Creditor respectfully requests it be done without prejudice and with leave to amend.

Dated: February 14, 2017					GREENFIELD DRAA & HARRINGTON LLP


							By: /s/ *Justin S. Draa*
								JUSTIN S. DRAA
								Attorneys for Plaintiff/Creditor
								FRANK DEL CARLO