```
Stanley A. Zlotoff, SBN 73283
300 S. First St. Suite 215
San Jose, CA  95113
Telephone (408) 287-5087
Facsimile (408) 287-7645

Attorney Defendants
```

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

```
In re:                         ) Chapter 13
                               )
Gregory A. Del Carlo and       )
Tracy L. Del Carlo,            ) Case No. 16-52268 MEH
           Debtors.            )
                               ) A.P. No. 16-5084
                               )
                               )
                               )Date:   February 27, 2017
Frank Del Carlo and            )Time:   11:00 a.m.
Louis Del Carlo,               )
           Plaintiffs,         )
    Vs.                        )
                               )
Gregory A. Del Carlo and       )
Tracy L. Del Carlo,            )
                               )
           Defendants          )
_____/
```

## REPLY IN SUPPORT OF MOTION TO DISMISS

**Tentative Decision carries no weight**

The Superior Court issued a Tentative Decision("Tentative Decision") on May 3, 2016.  The Tentative Decision is attached as Exhibit A to Plaintiffs' Complaint referenced above("Complaint").  Subsequent to the Tentative Decision, the

- 1 -

Court on November 21, 2016, issued its Judgment and Amended Statement of Decision("Decision"). The Decision is attached as Exhibit D to the Complaint.

Plaintiffs rely on the Tentative Decision as if it continues to have weight. However, it is essentially nothing other than a rough draft. "A court is not bound by its statement of intended decision and may enter a wholly different judgment than that announced." In re Marriage of Ditto, 206 Cal. App. 3d 646-647(1988).

"The court's informal preview of its ruling may not be used to impeach the subsequent formal statement of decision. The findings and conclusions constitute the final decision of the court and an oral or written opinion cannot be resorted to for the purpose of impeaching or gainsaying the findings and judgment. The trial court's tentative opinion has no relevance on appeal."
Adoption of Baby Boy W., 232 Cal. App 4th, 438, 453(2014).

**523(a)(2)(A) not properly pled**

Plaintiffs seem to contend that they can attach the Tentative Decision and Decision, and because there are talismanic terms used, such as "fraud" that their job of packaging a plausible Complaint has been fulfilled.

The Tentative Decision found that Defendants acted with oppression, fraud or malice; however, the Decision did not adopt this finding. But even if it would have, it's insufficient as a predicate of a claim for relief.

A finding of "fraud" made in the disjunctive cannot be used to argue that fraud has actually been determined. In re Plyam, 530 B.R. 456, 470(9th Cir. BAP 2015). Yet that's what Plaintiffs have argued.

Moreover, without a factual underpinning, the mere use of the term "fraud" is conclusory. Allegations of fraud must be pled with particularity. Rule 9 Fed. R. Civ. Pro. Plaintiffs may not simply recite the formulaic language of the statute, but must state facts that suggest plausibility. In re Kubic, 171 B.R. 658, 660(9th Cir. BAP 1994).

Here, the Decision was bereft of any discussion of the elements of fraud. In any event, Defendants should not have to parse through a Decision articulating liability based upon elder abuse to try to tease out the elements of common law fraud. It must be pled with particularity so that Defendants do not have to guess at how to proceed to defend themselves.

**523(a)(6) not pled plausibly as to Defendant Tracy Del Carlo("Tracy")**

Plaintiffs fail to cite to anything in the Decision that described wrongful acts done by Tracy. The best they can do is point to the Tentative Decision that recited the statutory grounds for punitive damages, but did so in the disjunctive; and they can point to the Decision that recited the statutory grounds for a finding of elder abuse("Elder Abuse")(Cal. Welfare and Institutions Code Section 15610.30).

As noted in *Plyam*, supra, the Superior Court's finding of punitive damages, made in the disjunctive, is insufficient to establish liability pursuant to 523(a)(6).

The same flaw confronts Plaintiffs with regard to the Superior Court finding of Elder Abuse. Even a well-pled claim based upon Elder Abuse will not have captured the elements of 523(a)(6). <u>In re Mbunda</u>, 484 B.R. 344, 358-9(9th Cir. BAP 2012). This is because the scienter for Elder Abuse is less than the culpability required for willfulness under 523(a)(6).

In the end, the Complaint, based as it is on the Decision, offers only conclusions, not facts, pled against Tracy.

**Conclusion**

The 523(a)(2)(A) claim should be dismissed as to both Defendants; and the 523(a)(6) claim should be dismissed as to Tracy.

Dated: 2/20/2017              /s/Stanley Zlotoff