```
Stanley A. Zlotoff, SBN 73283
300 S. First St. Suite 215
San Jose, CA  95113
Telephone (408) 287-5087
Facsimile (408) 287-7645

Attorney Defendants
```

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Chapter 13 |
| Gregory A. Del Carlo and Tracy L. Del Carlo, Debtors. | ) Case No. 16-52268 MEH ) A.P. No. 16-5084 |
| Frank Del Carlo and Louis Del Carlo, Plaintiffs, Vs. Gregory A. Del Carlo and Tracy L. Del Carlo, Defendants | ) Date: August 27, 2018 ) Time: 11:00 a.m. |

## MOTION TO DISMISS

Debtors move the court to dismiss the above captioned adversary proceeding brought by plaintiff Louis Del Carlo("Louis") pursuant to Rules 7017(a)(3) and 7025(a)(1) of the Federal Rules of Civil Procedure.

- 1

The ground for the motion is that Louis passed away on March 20, 2017, and no proper party has been substituted in to take his place in this proceeding.

The Motion is based on the Points and Authorities below, and the Declaration filed herewith.

POINTS AND AUTHORITIES

Bankruptcy Rule 7017 states that Rule 17 F.R.Civ. P. applies in adversary proceedings. Rule 17(a)(1)F.R.Civ.P. states that every action must be prosecuted in the name of the real party in interest, which for a deceased defendant, may be an executor, administrator, or trustee. Rule 7(a)(3)F.R.Civ.P. states that before dismissal, a reasonable time should be given for the real party in interest to be substituted into the proceeding.

Bankruptcy Rule 7025 states that Rule 25 F.R.Civ.P. applies in adversary proceedings. Rule 25(a)(1) states that "If a party dies…a motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."

Here, Louis' death was noted in connection with his attorney's motion to withdraw(Docket No. 30, filed May 1, 2017),

that was served on Louis' wife.  The order granting the motion to withdraw(Docket No. 35, filed on June 7, 2017), directed that Louis' adversary proceeding be dismissed unless, within 90 days of May 1, 2017,  a proper party had been substituted in his place.

In the main case, on June 15, 2018 as Docket No. 134, debtors filed an objection to Louis' Proof of Claim on the ground that it was not prosecuted by the real party in interest, and, by order entered on July 18, 2018, as Docket No. 139, the objection was sustained.

More than enough time has passed, and ample notice has been given, yet no proper party has been substituted in.

CONCLUSION

The adversary proceeding by Louis should be dismissed.

Dated:  7/24/2018              /s/Stanley Zlotoff